DONALD F. ZIMMER, JR. (State Bar No. 112279)
 fzimmer@kslaw.com
WILLIAM E. STEIMLE (State Bar No. 203426)
 wsteimle@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, CA  94105
Telephone:     +1 415 318 1200
Facsimile:      +1 415 318 1300

ALEXANDRA KENNEDY-BREIT (State Bar No. 316590)
 akennedy-breit@kslaw.com
**KING & SPALDING LLP**
633 W Fifth Street, Suite 1600
Los Angeles, CA  91601
Telephone:     +1 213 443 4355
Facsimile:      +1 213 443 4310

Attorneys for Defendant
COLOPLAST CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTY DAVIS,<br><br>  Plaintiff,<br>vs.<br><br>COLOPLAST A/S; COLOPLAST CORP.; COLOPLAST MANUFACTURING US, LLC; and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY) OF DEFENDANT COLOPLAST CORP.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Removed from the Superior Court of the State of California for the County of Contra Costa, Case No. C22-01086] |

NOTICE OF REMOVAL BY DEFENDANT COLOPLAST CORP.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Coloplast Corp., named defendant in the above-captioned matter, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this case from the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California.

**BACKGROUND**

1. On or about May 31, 2022, Plaintiff Cristy Davis filed a Complaint for Damages and Demand for Jury Trial in the Superior Court of the State of California, County of Contra Costa. *See* Complaint (attached as **Exhibit A**) ("Complaint" or "Compl.").

2. Plaintiff's Complaint initiated the civil action styled *Davis v. Coloplast A/S et al.*, No. C22-01086.

3. The Complaint asserts product liability claims predicated on Plaintiff's alleged implantation with the Supris® Retropubic Sling System ("the Supris"), a prescription surgical mesh medical device manufactured and/or distributed by Coloplast Corp., Coloplast Manufacturing US, LLC, and the Doe defendants. (Compl. ¶ 1.)

4. By filing this Notice of Removal, Coloplast Corp. does not waive any jurisdictional or other defenses that might be available to it.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served on Coloplast Corp. are attached hereto as **Exhibit A**, and are incorporated herein by reference.

**JURISDICTION**

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because there is there is federal jurisdiction as an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. The United States District Court for the Northern District of California is the federal judicial district encompassing the Superior Court of the State of California, County of

Contra Costa, where Plaintiff originally filed this suit, such that this is the proper federal district for removal of this case to federal court. *See* 28 U.S.C. § 1441(a).

8. Accordingly, the present lawsuit may be removed from the Superior Court of the State of California, County of Contra Costa, and brought before the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## DIVISIONAL ASSIGNMENT

9. Pursuant to Local Rule 3-2(c) and (d), this case should be assigned to either the San Francisco or Oakland Division of this Court.

## I. COLOPLAST CORP. HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Coloplast Corp. Timely Removed this Case to this Court

10. Coloplast Corp. has 30 days to remove following service of a copy of the Complaint on its agent for service of process. *See* 28 U.S.C. § 1446(b)(1). Coloplast Corp.'s agent for service of process was served with the summons and Complaint on August 17, 2022. *See* proof of service (**Exhibit B**). Thus, this Notice of Removal, filed on or before September 16, 2022, is timely.

### B. All Properly Joined and Served Defendants Consent to Removal

11. All properly joined and served defendants are required to consent to removal of this case to this Court. *See* 28 U.S.C. § 1446(b)(2)(A). This Notice of Removal is being filed on behalf of Coloplast Corp., and consent is not required from any other party because none of them have been served, or they are fictitiously named "Doe" defendants.

12. The other named defendants named in the Complaint are Coloplast Manufacturing US, LLC and Coloplast A/S. Upon information and belief, neither Coloplast Manufacturing US, LLC nor Coloplast A/S has received a copy of Plaintiff's Complaint. Specifically, although Plaintiff filed a proof of service for Coloplast Corp. in the proceedings in California Superior Court, Contra Costa County (Ex. B), no proof of service has been filed for any other named defendant at the time of the filing of this Notice of Removal. Because Coloplast Manufacturing US, LLC and Coloplast A/S have not been properly served in this lawsuit, their consent to this

removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined *and served* must join in or consent to the removal of the action."); *see also Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1193 at n.1 (9th Cir. 1988) ("[A]ll defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. This general rule applies, however, *only to defendants properly joined and served in the action.*") (emphasis added) (citations omitted).

13. Similarly, Doe defendants are disregarded in determining diversity jurisdiction. *See* U.S.C. § 1441(b)(1). For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *accord Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).

14. As such, all properly joined and served defendants consent to removal of this case to this Court, as required by 28 U.S.C. § 1446(b)(2)(A).

**C.   Coloplast Corp. Has Met All Other Procedural Requirements for Removal**

15. Coloplast Corp. includes with this Notice of Removal a copy of "all process, pleadings, and orders served upon" it, as required by 28 U.S.C. § 1446(a). *See* **Exhibit A**.

16. As of the date of this removal, no proceedings have occurred in the Superior Court of California, County of Contra Costa, since Coloplast Corp. received a copy of Plaintiff's Complaint. Coloplast Corp. hereby reserves all rights to assert any and all defenses to the Complaint.

17. No previous request has been made for the relief requested herein.

18. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), because the original action was filed in the Superior Court of California, County of Contra Costa, which is located within the Northern District of California. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), Coloplast Corp. will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Superior Court of the State of California for the County of Contra Costa and will serve a copy of same upon counsel for Plaintiff.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. The Amount in Controversy Requirement is Satisfied.

21. Plaintiff asserts claims against Coloplast Corp. under the following nine theories: (1) strict products liability – consumer expectations test; (2) strict products liability – risk-benefit test; (3) strict products liability – failure to warn; (4) strict products liability – manufacturing defect; (5) negligence; (6) breach of express and implied warranty; (7) fraud; (8) negligent misrepresentation; and (9) fraud by concealment. (Compl. ¶¶ 95-184.) Each cause of action seeks damages for injuries allegedly caused by Plaintiff's implantation with the Supris.

22. Plaintiff alleges that she was implanted with the Supris on November 27, 2018. (*Id*. at ¶ 80.)

23. Plaintiff alleges that as a result of her implantation with the Supris, she has sustained permanent injury and has "suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and/or lost income, and other damages." (*Id*. at ¶¶ 92-93.) Plaintiff seeks past and future economic damages, past and future general damages, for punitive and exemplary damages, and for injunctive relief. (*Id*. at Prayer.)

24. Plaintiff alleges she has experienced "significant mental and physical pain and suffering, has sustained permanent injury and symptoms including but not limited to, groin pain, pain with sitting, tailbone pain, de novo dyspareunia, pelvic pain, anorectal pain, painful bladder filling, constipation, inability to wear close fitting pants, clitoral numbness, impaired mobility, limited sitting tolerance, dysuria, perineal pain, and de novo urinary urgency without objective retention, partial bladder outlet obstruction, and stress incontinence." (*Id*. at ¶ 92.) She further

alleges that she has undergone "medical treatments and surgical procedures" and "will likely undergo further medical treatment and expenses and/or lost income and other damages." (*Id.* at ¶ 93.)

25.  Plaintiff alleges that Defendants "acted with oppression and/or fraud and/or malice demonstrating a conscious disregard for the rights and safety of Mrs. Davis and others" and "warrants the imposition of an award of punitive damages." (*Id.* at ¶¶ 102, 113, 123, Prayer No. 3.)  Punitive damages are included in the calculation of the amount in controversy.  *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943).

26.  Given the allegations set forth above, the face of the Complaint makes clear that Plaintiff seeks in excess of $75,000, exclusive of costs and interest.  Thus, Coloplast Corp. has plausibly alleged that the amount in controversy exceeds the jurisdictional threshold based on the allegations of the Complaint that Plaintiff suffered severe and permanent injuries, underwent multiple surgeries, and seeks punitive damages.  *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81 (2014).

27.  Claims similar to those asserted by Plaintiff have been held to establish, on their face, that the amount-in-controversy exceeds the jurisdictional requirement.  *See, e.g.*, *Masterson v. Apotex Corp.*, 2008 WL 2047979, at *3 (S.D. Fla. May 13, 2008) (in case alleging birth defects caused by generic paroxetine, court concluded that sufficient evidence existed that the amount-in-controversy exceeded $75,000 based upon allegations in complaint of congenital birth defects and "pain and suffering, mental anguish, embarrassment, humiliation, disfigurement, loss of enjoyment of the pleasure of life, as well as past and future general and specific damages, including future medical care" arising from the birth defects); *Phillips v. Severn Trent Envtl. Servs., Inc.*, No. 07-3889, 2007 WL 2757131, at *2 (E.D. La. Sept. 19, 2007) (amount-in-controversy requirement of $5 million, per CAFA, met in class action based upon size of class and "categories of serious damages," including birth defects, mental anguish, and present and future medical expenses); *see also, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (stating it was "facially apparent" that claims exceeded $75,000 based on plaintiff's "lengthy list of compensatory and punitive damages").  Plaintiff in this case seeks the same type

of damages—including pain and suffering; medical expenses, including multiple surgeries; and punitive damages—that these courts have found to establish, on their face, that the amount-in-controversy exceeded the jurisdictional requirement.  (*See* Compl. ¶¶ 92-93, Prayer.)

**B.     There Is Complete Diversity of Citizenship.**

28.     There is complete diversity of citizenship between all properly joined and served parties to this action.

29.     At the time this action was commenced, and at all relevant times, Plaintiff was a resident and citizen of the City of Martinez, State of California.  (Compl. ¶ 5.)

30.     Coloplast Corp. is a citizen of Delaware, its place of incorporation, and a citizen of Minnesota, where it maintains its headquarters and principal place of business, for purposes of diversity jurisdiction.  (*Id*. at ¶ 6(b)-(c));  *see* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities").

31.     Although Coloplast Manufacturing US, LLC and Coloplast A/S have not been "properly joined and served," their citizenship is still relevant for purposes of diversity jurisdiction.  *See New York Life Ins. C. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citing *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 78-79 (9th Cir. 1979) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant.").

32.     Coloplast Manufacturing US, LLC is a limited liability company.  (Compl. ¶ 7(b).)  For purposes of diversity jurisdiction, the citizenship of a limited liability company is that of its members.  *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003).  Coloplast Manufacturing US, LLC is a wholly-owned subsidiary of Coloplast Corp., and Coloplast Corp. is the sole member of Coloplast Manufacturing, US, LLC.  (Compl. ¶ 7(a).)  Coloplast Corp. is a citizen of the States of Delaware and Minnesota because it is a corporation

incorporated under Delaware law[1] and has its principal place of business in Minneapolis, Minnesota. (*Id.* at ¶ 7(c).) Accordingly, for purposes of determining its citizenship, Coloplast Manufacturing US, LLC is a citizen of Delaware and Minnesota.

33. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Coloplast A/S is, and was at the time Plaintiff commenced this action, a foreign corporation incorporated and existing under Danish and French law, respectively. (Compl. ¶ 6(a).) As such, Coloplast A/S is not a citizen of California for purposes of determining diversity.

34. The remaining defendants are fictitiously-named "Doe" defendants whose citizenship is disregarded in determining the existence of diversity jurisdiction. *See* U.S.C. § 1441 (b)(1). For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *accord Soliman*, 311 F.3d at 971; *McCabe*, 811 F.2d at 1339.

35. Therefore, based on complete diversity of citizenship and the amount in controversy exceeding the jurisdictional threshold, Coloplast Corp. has alleged, plausibly and sufficiently, the basis for diversity jurisdiction at the notice-of-removal stage, as allowed within the Ninth Circuit. *See Owens*, 135 S.Ct. at 554; *Infuturia Glob. Ltd.*, 631 F.3d at 1137; *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-17 (9th Cir. 2018) (finding the amount-in-controversy requirement satisfied for diversity removal purposes where plaintiff's "prayer for relief included 'loss of earnings' and 'loss of earning capacity[,]'" in addition to "non-economic and punitive damages") (citation omitted); *see also Isaacs v. Broido*, 358 F. App'x 874, 875-76 (9th Cir. 2009) (affirming district court's denial of plaintiff's motion to remand for lack of diversity jurisdiction on the basis that corporate defendant was incorporated and maintained its

---

[1] Coloplast Corp. notes that the Complaint incorrectly alleges that Coloplast Manufacturing US, LLC is incorporated under the laws of Minnesota. *See* Compl. ¶ 7(b). That is incorrect—it is incorporated under the laws of Delaware. Coloplast Corp. notes that this error does not impact the analysis of diversity of citizenship for Coloplast Manufacturing US, LLC.

principal place of business in Canada, notwithstanding it also maintained a California office). Removal is therefore proper.

36. Coloplast Corp. reserves the right to amend or supplement this Notice of Removal.

### III. CONCLUSION

37. This case is properly removed to this Court pursuant to 28 USC §§ 1332, 1441 and 1446 (i) it is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California; (ii) it is between citizens of different States; (iii) the amount in controversy exceeds $75,000; and (iv) all procedural requirements have been met.

Dated: September 15, 2022            KING & SPALDING LLP

By: */s/ William E. Steimle*
   DONALD F. ZIMMER, JR.
   WILLIAM E. STEIMLE
   ALEXANDRA KENNEDY-BREIT

   Attorneys for Defendant
   COLOPLAST CORP.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and L. R. 3-6, defendant Coloplast Corp. hereby demands trial by jury in this action.

Dated:  September 15, 2022          KING & SPALDING LLP

By: */s/ William E. Steimle*
    DONALD F. ZIMMER, JR.
    WILLIAM E. STEIMLE
    ALEXANDRA KENNEDY-BREIT

    Attorneys for Defendant
    COLOPLAST CORP.